UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMMANUEL A. WINTERS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-893-HAB-SLC |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his strangulation conviction in Tippecanoe County under Case No. 79D05-1209-FD-469. (ECF 1.) As an initial matter, he moves for leave to proceed in forma pauperis. (ECF 2.) Because it appears he cannot pay the $5.00 filing fee, the motion is granted and the filing fee waived.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" In 2012, Mr. Winters was charged with strangulation and domestic battery. *Winters v. State*, 211 N.E.3d 523 (Table), 2023 WL 3367132, at *1 (Ind. Ct. App. 2023). He pled guilty to the strangulation charge and was sentenced in accordance with the plea agreement to 545 days in custody, with 455 days suspended to probation. *Id.* He did not pursue a direct appeal. (ECF 1 at 1.) In 2019, he sought post-conviction relief. (*Id.* at 2.) His petition was denied. (*Id.*) He appealed, but in May 2023 his appeal was dismissed as untimely. *Winters*, 2023

WL 3367132, at *3. The Indiana Supreme Court denied transfer in August 2023. *Winters v. State*, 215 N.E.3d 340 (Table) (Ind. 2023).

On September 18, 2023, Mr. Winters tendered his federal petition for mailing. (*Id.* at 5.) Giving the petition liberal constructions, he asserts claims of ineffective assistance of counsel and challenges the validity of his guilty plea. He argues that his attorney should not have advised him to plead guilty because he was acting in self-defense and had a history of mental illness; the judge engaged in misconduct by accepting his plea when an adequate factual basis for the charge was never established; and his attorney was ineffective in not moving to withdraw the plea after he entered it. (ECF 1 at 3-5; ECF 1-1 at 1-13.)

As a preliminary matter, it does not appear that Mr. Winters is currently "in custody" pursuant to the strangulation conviction, which is a threshold requirement for challenging the conviction under 28 U.S.C. § 2254.[1] *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The state court imposed a 545-day sentence (a portion of which was suspended) in 2012, which was more than a decade ago. There is no indication from either the petition or public records that he is still serving this sentence, and a petitioner cannot use 28 U.S.C. § 2254 to challenge a conviction when he has "already served the entirety of his sentence." *Coss*, 532 U.S. at 401. Even if the conviction is later used to enhance a

---

[1] Although he is currently in custody at an Indiana Department of Correction facility, public records reflect that he is serving a 20-year sentence imposed in 2013 for armed robbery. *Winters v. State*, 16 N.E.3d 490 (Table), 2014 WL 3547049 (Ind. Ct. App. July 18, 2014).

2

sentence, the defendant "may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. He has not satisfied the threshold requirements for pursuing habeas relief.

Assuming he could satisfy the threshold "in custody" requirement, his petition is untimely. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Winters does not assert, nor does the court find any basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case. Instead, he asserts routine claims of ineffective assistance of counsel and an invalid plea agreement. The factual and legal basis for these claims would have been available to him at the time his guilty plea was entered in 2012. He also does not assert that a state-created impediment prevented him from filing his federal petition on time, nor can the court discern the existence of any such impediment from the record.

Thus, 28 U.S.C. § 2244(d)(1)(A) applies. Mr. Winters did not pursue a direct appeal and so his conviction became final when the time for seeking review in the Indiana Court of Appeals expired 30 days after judgment was entered in the trial court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for seeking further review expires); *see also* IND. R. APP. 9(A) (appeal must be filed within 30 days of judgment). The limitations period began running in October 2012, and he had one year from that date, or until October 2013, to file a timely federal habeas petition. The present petition was not filed by that deadline, and instead was filed in September 2023—almost a decade late. Although he sought post-conviction review in the interim, the federal deadline had already expired when he filed his state post-conviction petition in April 2019. The state court's subsequent denial of post-conviction relief did not restart the federal clock or open a new "window" for habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

When asked to explain why his petition should be deemed timely, Mr. Winters invokes the "miscarriage of justice" exception. (ECF 1 at 5.) In effect, he concedes that his petition was not timely filed, but argues that failing to consider the petition on the merits would result in a miscarriage of justice. Under this exception, "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain review of his claims even though they are untimely. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). To raise a credible claim of actual innocence, the petitioner must have "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (a petitioner claiming actual innocence "must have documentary, biological (DNA) or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim"). The petitioner must demonstrate that in light of this new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. This standard is demanding and can be met only in "extraordinary" circumstances. *House v. Bell*, 547 U.S. 518, 538 (2006).

Mr. Winters does not point to any new evidence—much less powerful or reliable evidence—to demonstrate that he is factually innocent of strangulation. Indeed, it would be difficult for him to make a credible showing of actual innocence in light of the

5

admissions he made in connection with his guilty plea. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (petitioner did not meet actual innocence exception where he did not "claim that he is an innocent man. . . [n]or could he, given his own admission" of guilt). He admitted at the plea hearing that he "applied pressure to [the victim's] neck" with sufficient force to stop her from breathing. (ECF 1-2 at 1.) As best as can be discerned, he argues that he was justified in his actions because the victim, who is the mother of his children, "had his hair and was attacking him" when he strangled her. (ECF 1 at 4; *see also* ECF 1-1 at 1.) However, in support he points to statements he made during the plea colloquy in 2012, which cannot be considered "new" evidence. *See Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022) (holding that petitioner must present "new reliable evidence" not available at trial). He has not made a credible showing of actual innocence.

Assuming for the sake of argument he could overcome the untimeliness problem, it is evident that his claims are procedurally defaulted. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. The companion

procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim if that claim was presented to the state courts and denied on the basis of an adequate and independent state procedural ground, or if the claim was not presented to the state courts and the time for doing so has passed. *Davila*, 582 U.S. at 527; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, the Indiana Court of Appeals did not consider any of his claims on the merits because he did not file a timely notice of appeal in accordance with state law. *Winters*, 2023 WL 3367132, at *3. "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules . . . that decision rests on independent and adequate state law grounds," which bars federal review. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *see also Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992) ("A federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of waiver or procedural default."). Mr. Winters appears to argue that his default should be excused because he did not understand state procedural rules. However, his own mistakes or lack of knowledge cannot be considered a factor "external to the defense" that would supply cause to excuse the default. *See Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (observing that cause sufficient to set aside a default only applies to factors that "cannot fairly be attributed to the prisoner"). Although actual innocence also provides cause to excuse a procedural default, Mr. Winters' actual innocence claim is unavailing for the reasons explained above. Therefore, the petition must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained above, Mr. Winters does not appear to be "in custody" pursuant to the conviction he is challenging. Additionally, the petition is untimely by almost a decade and his claims are procedurally defaulted. The court finds no basis to conclude that reasonable jurists would debate the correctness of this ruling or find a reason to encourage him to proceed further. Therefore, he will not be granted a certificate of appealability.

For these reasons, the court:

(1) GRANTS the petitioner's motion to proceed in forma pauperis (ECF 2) and WAIVES the filing fee;

(2) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

 SO ORDERED on October 11, 2023.

                         s/ *Holly A. Brady*
                         CHIEF JUDGE HOLLY A. BRADY
                         UNITED STATES DISTRICT COURT